Argued and submitted November 25, 1987, affirmed February 10, 1988

## STATE OF OREGON,
*Respondent,*

*v.*

## MARTIN ANDREW SANGER,
*Appellant.*

(86-1975; CA A43492)

749 P2d 1202

J. Marvin Kuhn, Chief Deputy Public Defender, Salem, argued the cause for the appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Philip Schradle, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Joseph, Chief Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

Defendant seeks reversal of his convictions for burglary in the second degree and theft in the first degree. He assigns as error the trial court's denial of his motion *in limine,* and his objection at trial, respecting evidence that he was on parole at the time when the alleged crimes were committed. The trial court held that the evidence was relevant and admitted it. We affirm.

Defendant and Furtado allegedly burglarized an athletic supply store on October 25, 1986. A search of Furtado's apartment yielded certain unchallenged evidence: a blue nylon jacket, which the store owner identified at trial as his own personal jacket, a baseball cap, several pairs of high-top basketball shoes, a sock wrapper and numerous athletic socks. In addition, the searching officer testified that he found

> "several items of paperwork, two copies of parole revocation—* * * there was the order of parole for [defendant]. Also, there was a business card, Ron Whitley's business card on top of the dresser drawer. Whitley is [defendant's] parole officer."

The officer did not directly refer to any specific crime that defendant had committed in the past. The officer further testified that two older pairs of shoes were found at the apartment, one of which matched a shoe print lifted from the window ledge of the store. He testified that, when he questioned Furtado about whom the older shoes belonged to, Furtado answered that he did not want to say, because he did not want to incriminate defendant. Furthermore, Whitley, defendant's parole officer, testified that between October 16 and October 25, 1986, he repeatedly attempted to contact defendant at his purported address but was unable to do so and that the residence at that address appeared vacant. Furtado denied that defendant lived with him.

Defendant argues that evidence of his parole was inadmissible "other crimes evidence" under OEC 404(3). He contends that evidence of his parole status was irrelevant to prove that he had committed the burglary in question and that its only relevance was to prove "once a thief, always a thief." The state contends that the challenged evidence was relevant to establish that defendant lived with Furtado at the time when the burglary and theft occurred, which would tend to connect defendant with the stolen property.

Defendant's argument on appeal does not seem to coincide with what appears from the record to be the argument presented to and resolved by the trial court. As noted, the state offered the challenged evidence to prove that defendant resided in his codefendant's apartment, where the stolen property was found.

■ Pretrial colloquy shows that the trial judge held the evidence relevant:

"THE COURT: I guess, here, again, I'm going to have to hear what the evidence is, determine whether it's relevant. If it is as you represent, I would think it would be relevant to the issue to this case. He has to show in regard to the charge of theft, [defendant] was living there. The circumstances of him living there, I think are relevant.

"[DEFENSE COUNSEL]: Well, I think that's probably true.

"THE COURT: You can't try this case in a vacuum.

"[DEFENSE COUNSEL]: I would argue that, I guess, Mr. Whitley can testify what his observations were at various apartments without the need to identify himself as [defendant's] parole officer.

"[DISTRICT ATTORNEY]: Well, the evidence they have seized, of course, were [*sic*] important papers, parole papers, identification cards and so forth that dealt with parole.

"THE COURT: It just seems to me that would be improper [not to have Whitley identify himself as defendant's parole officer] because the jury is going to have to speculate why [Whitley] was there. He just didn't drop out of the blue and go to that apartment. I guess, the jury can even get down to thinking what is he doing there."[1]

The evidence was relevant. It connected defendant to the residence in which the stolen property was found. The evidence made a fact of consequence more probable than it would have been without the evidence. *See* OEC 401; OEC 402. Accordingly, it was properly admitted.

■ Defendant's motion *in limine* merely sought to

---

[1] Although defendant suggests in his brief on appeal that the officers could have testified that their search of the codefendant's apartment yielded important, personal documents belonging to defendant without identifying them as "parole papers," he did not urge in the trial court that the evidence be "sanitized" in this manner.

exclude evidence that defendant was on parole. Though several authorities were cited in the written motion, defendant's actual argument—both before pretrial and later—only addressed the basic issue of the relevance of the evidence. He never invoked the OEC 404(3) "other crimes evidence" analysis that he now argues, and he did not ask the trial court to conduct any weighing or balancing. Because defendant did not make this argument to the trial judge, we do not address it on appeal.

Affirmed.